## Collins & Woods *v.* Busch.

*Practice, Superior Court—Appeal—Res adjudicata—Effect of ruling of Supreme Court.*

Where the Supreme Court has decided on appeal that the determination of the matter in issue was a question for the jury and should be submitted to them, and on a retrial the court submitted the case to the jury in a manner to which no exception was taken, the Superior Court will not reverse for alleged error in refusing to give binding instructions, neither will it consider the questions arising upon the same evidence between the same parties in the same case.

Argued Oct. 4, 1900.    Appeal, No. 28, Oct. T., 1900, by defendant, in suit of Collins & Woods against Clarence M. Busch, from judgment of C. P. No. 4, Phila. County, Dec. T., 1891, No. 374, on verdict for plaintiff.    Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.    Per Curiam.

Assumpsit.    Before WILLSON, J.

It appears from the record that the plaintiffs' statement claimed $1,000 with interest, as a balance due on a written contract between the parties, providing that the plaintiffs should furnish certain work and materials in a building operation of the de-fen dant for a certain consideration, and the plea was non assumpsit.

Other facts appear from the report of the former trial of this

case reported in 191 Pa. 549, where the court below directed a verdict for defendant.

Defendant submitted a certain point, which point and answer are as follows:

[That under all the testimony in this case your verdict should be for defendant. *Answer :* Refused.] [2]

Verdict and judgment for plaintiff for $1,417.66. Defendant appealed.

*Error assigned* among others was (2) refusal to affirm defendant's point, reciting point and answer.

*Geo. L. Crawford,* for appellant.—Not only was there not a scintilla of evidence on the present trial of any misrepresentation or other fraud or mistake touching the release, the legal effect of which, as a written instrument, was entirely a question for the court, and not the jury, but the testimony and conduct of the plaintiffs conclusively showed that they knew that the release was a bar to all claims covered by it, and that they had no defense to it.

*Joseph DeF. Junkin,* for appellees.—The judgment of the court below was reversed by the Supreme Court and a new venire awarded in Collins v. Busch, 191 Pa. 549, where the Supreme Court held that the question was for the jury.

The testimony taken at each one of these trials was essentially the same. So far as the defendant's evidence was concerned, each time it was verbatim the same, as the testimony of the defendant taken at the first trial was read in evidence at each successive trial.

The evidence submitted by the plaintiffs, while not ipsis verbis each time, as the witnesses were there in person at each trial, yet upon the vital questions involved, the legal effect of the testimony was precisely the same.

Appellees could not submit a better history of the case upon the important questions involved; than is contained in the recital of the facts by Mr. Justice GREEN in his Supreme Court opinion. The exact verbiage of the witnesses at the last trial does not correspond precisely with his quotations, but the meaning and effect of their language is the same.

With due respect to counsel for the appellant, it is submitted that this appeal is a most extraordinary one.

Careful examination of appellant's paper-book fails to disclose any intimation even that the case, as now presented before this court, differs in any particular from the case as it was presented in essence to the Supreme Court, in which that court finally settled the question which is here again attempted to be raised.

Apparently, from the plaintiffs' argument, that which he wishes this court to decide is that the release offered in evidence by the defendant is a complete bar to plaintiffs' recover.

This question is res adjudicata.

The Supreme Court has decided, and rightly, that under the peculiar facts of this case, the question of the effect of this release, is not one of law for the court, but one of fact for a jury.

The jury has decided this question, and that is the end of it.


PER CURIAM, October 22, 1900:

On the former trial of this case the court below directed a verdict for the defendant. The plaintiff appealed to the Supreme Court. Mr. Justice GREEN, speaking of the release, said: "The language, however, is broad enough to include a discharge of the person of the defendant from all claims and demands growing out of the furnishing of materials and labor, though that idea is obscurely expressed. If there were nothing else in the case but the bare release, it would operate as a discharge of the personal obligation of the defendant, as well as a release of liens on the buildings. But there is much other matter in the testimony which occasions very considerable doubt as to what was the real intention of the parties on this subject." Then after reviewing and commenting on the testimony he further said: "We think that a fair question arises whether it was agreed by the plaintiffs to accept the note as payment, or whether it was mutually intended by the parties that the release should operate as a discharge of the personal liability of the defendant for the labor and materials furnished by the plaintiffs. The determination of this matter would necessarily be for the jury, and hence it should be submitted to them:" Collins v. Busch, 191 Pa. 549. The case came on for trial a third time, and upon substantially the same evidence the court sub-

mitted it to the jury in a manner to which no exception has been taken. The matter assigned for error is the refusal of the court to give binding instructions. But the court could not have given such instructions in the face of the authoritative and explicit ruling of the Supreme Court. It is equally plain that we cannot convict the court of error in that regard. It seems unnecessary, therefore, if not out of place, for us to discuss the questions arising upon the same evidence, between the same parties, and in the same case.

The judgment is affirmed.