## Rinker *v.* Colonial Iron Company, Appellant.

*Negligence—Injury to wife—Suit by husband and wife—Appeals —Separate appeals—Act of May 8, 1895, P. L. 54.*

Under the Act of May 8, 1895, P. L. 54, which provides that in a suit brought by a husband and wife for injuries to the wife "separate verdicts shall be rendered, one verdict determining the right of the wife, and the other verdict determining the right of the husband, and separate judgments shall be entered thereon with the right of separate executions," separate appeals must be taken by the defendant if verdicts and judgments result both in favor of the wife and the husband. Such appeals may, however, be argued together on one set of paper-books disclosing the real points in controversy, as affecting the separate judgments in favor of the wife and the husband.

*Negligence—Operation of quarry—Evidence.*

In an action against an owner of a quarry to recover damages for personal injuries alleged to have been caused by the negligent operation of the quarry, where it appears that the plaintiff was struck and injured by a flying stone, it is proper to admit evidence in effect that for a long time prior to the accident stones and slivers from stones were hurled from the quarry upon adjoining properties.

Argued Oct. 24, 1916. Appeal, No. 115, Oct. T., 1916, by defendant, from judgment of C. P. Huntingdon Co., Dec. T., 1914, No. 27, on verdict for plaintiffs in case of Mary Rinker and D. S. Rinker, her husband, *v.* Colonial Iron Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before RUPPEL, P. J., specially presiding.

At the trial it appeared that on June 18, 1914, the plaintiff, Mary Rinker, was struck and injured by a stone which had been projected from the defendant's quarry on to a neighboring property where Mrs. Rinker was at the time she was injured. The court admitted under objection and exception, evidence to the effect that

258, (1917).] Charge of Court below—Assignment of Errors.

for several years prior to the accident stones and slivers of stones had been projected from the quarry onto adjoining properties.  (4, 5, 6)

The court charged in part as follows:

"In this case, the plaintiff Mary Rinker would be entitled to recover for the pain and suffering she has endured up to this time, or which she is likely to suffer in the future, and also whether the injury be permanent or not, or if it be of such a character that it is only likely to last a year or two, you will consider that length of time, and award such amount as you think right for such pain and suffering, bearing in mind all the circumstances in this connection, the age, health and surroundings of the plaintiff herself and her husband.  It would be in his case loss of the earning power of his wife.  How much damage he has sustained by reason of this injury, and you will allow just such sum as will compensate him for his loss.  As to the question of damages it is of such a character that it cannot be established by the testimony of witnesses as most facts can in the trial of cases. Neither party could call witnesses to prove what damages should be allowed, except on the question of the ability of the wife to work, probably some testimony might have been introduced by the plaintiff and by the other party, but as to the pain and suffering no witness could be called, no one could tell.  It is a matter probably largely of conjecture and you will have to arrive at a conclusion as best you can, if you can find in favor of the plaintiff."

Verdict and judgment for Mary Rinker for $700 and for D. S. Rinker for $300.  Defendant took one appeal.

*Errors assigned* were (4, 5, 6) rulings on evidence quoting the bill of exceptions and (1) portion of charge as above quoting it.

*Charles G. Brown* and *John M. Reynolds*, for appellant.

*H. H. Waite,* with him *S. G. Rudy,* for appellees.— "Two or more persons whose rights are affected by the same decree have no standing to take a joint appeal where their claims are separate and distinct": Welsh's App., 22 Pa. Superior Ct. 392; Samson's Est., 22 Pa. Superior Ct. 93.

OPINION BY PORTER, J., November 19, 1917:

Prior to the Act of May 8, 1895, P. L. 54, where a married woman suffered an injury to her person by the negligent act of another, she had a cause of action in her own right personal to herself. Her husband in such a case also had a right of action resting on an entirely different foundation from that supporting the claim of his wife.

The act cited made no attempt to convert these two separate rights into one joint right. On the contrary, it related only to the procedure in such cases. It declares: "These two rights of action shall be redressed in only one suit brought in the names of the husband and the wife." Keeping prominent the same idea, the statute then adds: "Separate verdicts shall be rendered, one verdict determining the right of the wife and the other verdict determining the right of the husband, and separate judgments shall be entered thereon with the right of separate executions." It thus appears that in such cases the causes of action remain just as individual and distinct as they were before the passage of the act, and that the judgments which might be the fruit of the consolidated trial are as truly and as distinctively individual judgments as if the cases had been tried separately, as they would have been before the enactment of the statute.

This result manifestly rests upon the soundest of reasons. As the causes of action are radically different, a separate defense may be made against either. The husband's right to recover rests on the facts that he has been compelled to expend money for hospital services, medical attendance and the like, and that he has lost the

services and the companionship of his wife while she was disabled by the negligent act. It is, we think, too plain for argument that in such a situation if the defendant in the consolidated action desires to have an appellate court review both judgments, there should be two appeals and separate assignments of error even if they be identical in form and substance. The reason is evident. From what we have said, it ought to be clear enough that cases might arise where one of the two judgments should be reversed while the other might be affirmed.

In the present case we have but a single appeal. It cannot with propriety be regarded as an appeal from both judgments if, indeed it may be fairly considered an appeal from either. There would be very substantial ground for quashing this hybrid appeal as to both judgments. There was a motion made at bar to bring about this result. Through the courtesy of counsel the formal motion was withdrawn, but that does not relieve the situation from our point of view, now that our attention has been called to it. Giving to the appellant then the benefit of every doubt, the best that can be done is to regard the appeal as from the judgment of one of the parties; in this case we have determined from the judgment of the husband, D. S. Rinker. The judgment of the court below in favor of the wife, therefore, is unchallenged. There is no appeal from it and we have nothing to do in so far as it is concerned, except to remit the record that the judgment may be given its due force and effect.

We reach this conclusion in the full knowledge there are cases which have been considered on their merits in the appellate courts, notwithstanding the fact there was but a single appeal from two separate judgments. In the Supreme Court, there have been several of them of which Dobra v. Lehigh Valley Coal Co., 250 Pa. 313, and Campbell v. Philadelphia, 252 Pa. 387, are samples. In no one of the cases in that court, which we have been able to find, was there a question of the effect of the Act

of 1895. They were all actions brought by a minor child by his next friend, and one or both of the parents because of the injury to the minor child. But this is not of much, if any, importance because of the Act of 12th May, 1897, P. L. 62, which, in every way is in pari materia with the Act of 1895. In Machen & Wife v. Railway Co., 13 Pa. Superior Ct. 642, we have a situation practically identical with that presented by this record. The action was brought by both husband and wife to recover damages because of personal injury sustained by the wife alleged to have been caused by the negligent act of the defendant company. Each of the parties recovered in different amounts and the defendant took a single appeal. It is true of this case, as it is of those cited from the Supreme Court, that no question was raised as to the form of the appeal. There is not the slightest indication, in the reports of the cases, that the question we are now considering was ever argued by counsel, ever considered or decided by either court. Our attention has been directed to the point and after mature reflection we are of opinion there is substantial good in upholding what appears to us to be the correct practice. This of course does not mean the two appeals may not be argued together, on one set of paper books, disclosing the real points in controversy as affecting the separate judgments in favor of the wife and the husband. We have reached the conclusion that in cases like the one now before us there can be no conformity with the true spirit and intent of the act unless separate appeals and separate assignments of error bring both judgments fairly before an appellate court for review.

Regarding the record before us as an appeal from the judgment in favor of D. S. Rinker, the husband, let us turn to the single set of assignments of error. We can perceive no error in the rulings of the learned trial judge in admitting the evidence complained of in the fourth, fifth and sixth assignments of error. It may be true that the evidence did not directly tend to prove the

blast from the defendant's quarry by which the plaintiff wife was injured, was put in operation negligently. It did, however, fairly tend to prove the habitual conduct of the defendant, in the operation of its quarry, was such it might well be visited with notice the consequences that did finally result from such operation should have been foreseen, and consequently guarded against. If authority for the admission of evidence of such character and effect be needed, it will be found in the opinion of the Supreme Court in the case of Baker v. Hagey, 177 Pa. 128, and the references therein made. These assignments are dismissed.

In the instruction of the learned trial judge to the jury as to the measure of damages recoverable by the husband, we can find no serious fault. Even if we should consider the remaining assignments, which complain of the instructions of the trial judge on the subject of the measure of damages, as applicable to the party actually injured, we could not say more than that, although some of the expressions of the court can hardly be said to be accurate, no harmful error was done. The moderate size of the verdicts and judgments seems to us to establish this proposition. In no aspect of the case could the judgment or either of them be reversed without a venire. There exists in the record ample evidence to warrant a finding the defendant was negligent. We can find none that would fasten upon either plaintiff a legal conclusion of contributory negligence. We have, therefore, determined, as already indicated, to regard this record as exhibiting no appeal whatever from the judgment in favor of the wife and that we are doing more than could rightfully be asked to give any consideration to the appeal as one from the judgment in favor of the husband. But we have thought it best to indicate we have examined the record with care, and can find no substantial or reversible error in it.

The judgment in favor of D. S. Rinker is affirmed.