## Clifford *v.* Philadelphia Rapid Transit Co., Appellant.

*Negligence—Street railways—Automobile—Collision — Crossing —Case for jury.*

1. It is the duty of a driver of a vehicle, on nearing a street crossing, to look for an approaching street car immediately before entering on the track.

2. The rule does not require him, absolutely regardless of conditions, after having performed his duty before entering on the first track and found the way apparently clear, to again look before entering on the second track. Whether he performs his duty under the circumstances, is for the jury.

3. A driver of a vehicle may assume that a motorman will not approach a crossing at an excessive speed.

Argued January 10, 1921.   Appeal, No. 77, Jan. T., 1921, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1918, No. 2121, on verdict for plaintiff, in case of John Clifford v. Philadelphia Rapid Transit Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before SHOEMAKER, J. The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $2,500. Defendant appealed.

*Errors assigned* were refusal of binding instructions for defendant and judgment n. o. v., quoting record.

*Layton M. Schoch,* for appellant.

*Francis J. Walsh,* with him *James F. Masterson,* for appellee.

OPINION BY MR. JUSTICE FRAZER, February 14, 1921:

Plaintiff sued to recover damages for personal injuries sustained in a collision which occurred between his automobile and one of defendant's cars, at a street crossing in the City of Philadelphia. The trial judge submitted the case to the jury, who found for plaintiff, and defendant appealed, assigning for error the refusal of the court to give binding instructions for defendant and subsequent refusal to enter judgment for defendant non obstante veredicto, on the ground that plaintiff was guilty of contributory negligence.

According to the testimony offered on behalf of plaintiff, he was driving his automobile northward on 53d street, at a speed of three or four miles an hour, toward Spruce street on which was located a double line of car tracks. Upon reaching the house-line on the south side of Spruce street he saw defendant's car approaching from the east on the north track approximately two hundred and seventy-five feet to three quarters of a block away. He continued driving ahead without either increasing or decreasing his speed, and, on reaching the south or eastbound track and as he entered on it, again looked and saw the car approaching one hundred and fifty to one hundred and sixty feet distant. Assuming he had ample time to cross the track in safety he continued ahead and almost cleared the last rail when his machine was struck by the car. Plaintiff admitted he did

not look after entering on the first track and did not increase the speed of his automobile. There was also evilence that the trolley car approached at the rate of thirty miles an hour.

That it is the duty of a driver of a vehicle to look for an approaching car at a street crossing on a city street immediately before entering on the track is settled by a long line of decisions of this court: Timler v. Transit Co., 214 Pa. 475, and cases cited. This rule does not require him, absolutely regardless of conditions, after having performed his duty before entering on the first track and found the way apparently clear, to again look before entering on the second track: Hamilton v. Traction Co., 201 Pa. 351: Klingmann v. Pgh. Rys., 252 Pa. 12. Plaintiff was bound to continue to be watchful for his safety; however, if the first look disclosed the approaching car at what he considered a safe distance to allow him to cross the tracks, whether he used proper judgment in reaching that conclusion and whether a second look, after advancing a few feet farther, would have changed his decision in any respect, was for the jury. Plaintiff's duty was to guard against injury from a car approaching at an ordinary speed and he was justified in assuming that the motorman would not approach at an excessive speed regardless of the safety of persons using the crossing: Knobeloch v. Pgh., etc., Ry., 266 Pa. 140. Whether he was negligent in taking the course he did and in crossing before the approaching car was for the jury.

The judgment is affirmed.