# Lyons *v.* West Chester Street Railway Company, Appellant.

*Negligence—Street railways—Collision between trolley car and automobile—Case for jury.*

In an action for damages sustained in the right-angle collision between a trolley car and an automobile, the case is for the jury and a verdict for the plaintiff will be sustained, where there is evidence that the trolley car approached the crossing at the rate of from 20 to 28 miles an hour, and that no gong or whistle was sounded.

Under such circumstances, the speed of the car, the grade of the road, and the surrounding circumstances are all elements to be considered, and these with the manner of the witnesses and the nature of their testimony, are for the consideration of the jury.

Argued October 5, 1920.    Appeal, No. 193, Oct. T., 1920, by defendant, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1919, No. 4526, on verdict for plaintiff in the case of Dennis C. Lyons v. West Chester Street Railway Company.    Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ.    Affirmed.

Trespass to recover damages for injuries to automobile.    Before DAVIS, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $422.71 and judgment thereon.    Defendant appealed.

*Error assigned* was refusal of the defendant's motion for judgment non obstante veredicto.

*Robert T. McCracken,* of *Roberts, Montgomery & McKeehan,* for appellant.

*William O. Armstrong,* for appellee.

Opinion by Orlady, P. J., March 5, 1921:

.This action of trespass was brought to recover damages for injuries to the plaintiff's automobile by reason of a collision with the defendant's trolley car in the Borough of Downingtown, the negligence alleged being that the car was operated at a high and excessive rate of speed, and the motorman failed in doing his duty of neglecting to have it under proper control or to give warning of its approach, and in failing to stop to avoid the accident.

On the trial it appeared that there was a single street railway track to be crossed by the plaintiff's chauffeur, who was driving a heavy truck, but that in passing over the track the rear wheel of the truck was struck by the trolley car. The jury would be warranted in finding that the car was going from 20 to 28 miles an hour, that the driver of the truck saw it when it was 125 to 250 feet distant from the crossing, that no gong, bell or whistle was sounded, though the car was equipped with these accessories. The truck driver testified that when the truck was at the first rail the trolley car was 150 feet away, and that he was continually watching for the trolley; that he had slowed down as he got to the house line, and was proceeding at about four miles an hour.

Assuming all that the appellant urges to be true, yet, in this right-angle collision, we cannot say as a matter of law, that it was negligence for a driver of a truck to occupy a grade crossing when a trolley car is 100 or 200 feet distant. The speed of the car, the grade and surroundings are all elements to be considered, and these with the manner of the witnesses and the nature of their testimony, are for the consideration of the jury alone.

See Clifford v. Phila. Rapid Transit Co., 269 Pa. 304.

The only assignment of error is that the court should have instructed the jury, as a matter of law, that the verdict should be for the defendant, and subsequently refused to enter judgment non obstante veredicto. The

testimony was not free from doubt, but the finding by the jury was warranted upon consideration of all of it.

The judgment is affirmed.