## Shaw *v.* Plains Township, Appellant.

*Appeals—Negligence—Joint appeals—Parent and child—Act of May 12, 1897, P. L. 62.*

Where a joint action is brought under the Act of May 12, 1897, P. L. 62, by a parent and child for personal injuries to the child, and separate verdicts and judgments are rendered in favor of the plaintiffs, a joint appeal by the defendant is improper. Separate appeals must be taken from each judgment.

Argued April 12, 1921. Appeal, No. 449, Jan. T., 1921, by defendant, from judgments of C. P. Luzerne Co., March T., 1918, No. 328, on verdicts for plaintiffs, in case of Ethel Shaw, by her father and next friend, Martin Shaw, and Martin Shaw, each in his and her own right, v. Plains Township. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart and Schaffer, JJ. Appeal quashed.

Trespass for personal injuries. Before Garman, J.

At the trial the jury returned a verdict for Ethel Shaw for $2,250, and for Martin Shaw for $969. Separate judgments were entered on the verdicts. The defendant took a joint appeal.

*Error assigned,* among others, was refusal of defendant's motion for judgment n. o. v., quoting record.

*A. P. Conniff,* for appellant.

*S. M. R. O'Hara,* with her *Rush Trescott,* for appellee.

Per Curiam, May 2, 1921:

There is a single appeal before us from two judgments, one for an injured minor child and the other for her father.

In Geiger v. Garrett, a similar case, except that the appeal was by the plaintiffs (handed down April 11, 1921 and reported in 270 Pa. 192), we said: "The suit was properly brought as a joint action under the Act of May 12, 1897, P. L. 62, which, while providing for such an action, also provides for separate verdicts, separate judgments and separate executions, and says nothing on the subject of appeals; in all the respects stated, it is exactly like the Act of May 8, 1895, P. L. 54, relating to joint actions by husband and wife, in case of an injury to the latter, which in Rinker v. Colonial Iron Co., 68 Pa. Superior Ct. 258, was held to require separate appeals. The legislature which passed the act now under consideration found no difficulty in providing for joint appeals when it had this intention: Act of June 15, 1897, P. L. 154." See also discussion on the subject of joint appeals in McGlinn's Estate and Monnia's Estate, opinions in which were filed this day (reported in 270 Pa. 373 and 367). The joint appeal before us was improperly taken; there should have been two appeals— one from each judgment.

The appeal is quashed.