## Cloud *v.* Philadelphia & West Chester Traction Co., Appellant (No. 1).

*Practice, Superior Court—Appeal—Refusal of motion for judgment n. o. v.—Evidence.*

Where, upon an appeal, the only error assigned is refusal of a motion for judgment non obstante veredicto, and the evidence in the case was oral, the Superior Court will consider only the evidence favorable to appellee, and disregard what is unfavorable.

Syllabus—Assignment of Error. [78 Pa. Superior Ct.

*Negligence—Contributory negligence — Street railway — Crossings.*

In an action for damages for personal injuries to the wife of the plaintiff, and consequential losses thereby resulting to the husband, where the evidence of the plaintiff was that the accident occurred on a dark, misty night, that the trolley car approached without lights or warning, that it struck plaintiff's automobile after it had almost cleared the tracks, and that although plaintiff looked and listened, he did not discover the car, until it was almost upon him, it was not error to refuse judgment for defendant non obstante veredicto.

Where the testimony of defendant's motorman was that he saw the automobile approach the crossing, and could have stopped his car, but did not do so because he misjudged plaintiff's conduct, the case was for the jury on the question of negligence.

*Practice, Superior Court—Appeals—Separate appeals — Act of May 8, 1895, P. L. 54.*

If an appellant desires a review of two judgments entered under the Act of May 8, 1895, P. L. 54, it is proper practice to take two separate appeals.

Argued November 21, 1921.  Appeal, No. 4, Oct. T., 1921, by defendant, from judgment of C. P. Delaware County, Sept. T., 1919, No. 66, on verdict for plaintiffs in the case of Marshall C. Cloud and Anna May Cloud, his wife, v. Philadelphia & West Chester Traction Company.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.  Affirmed.

Trespass to recover damages for personal injuries. Before JOHNSON, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff, Marshall C. Cloud, in the sum of $247.40, and for plaintiff, Anna May Cloud, in the sum of $1,250, judgment thereon.  Defendant appealed.

*Error assigned* was refusal of motion for judgment non obstante veredicto.

*E. Wallace Chadwick,* of *Hannum, Chadwick & Weeks,* for appellant.—There was not sufficient evidence of defendant's negligence to take the case to the jury: Bernstein v. Penna. R. R., 252 Pa. 581; Smith v. Director General, 266 Pa. 328.

Plaintiff's negative evidence that they did not hear any whistle cannot avail against affirmative testimony of the motorman that the whistle was blown: Kemmler v. Penna. Co., 265 Pa. 212; Anspach v. Phila., etc., Ry. Co., 225 Pa. 528.

A passenger must exercise a reasonable degree of caution when the occasion demands, and may, as matter of law be chargeable with contributory negligence even if he has done nothing: Kirschbaum v Phila. Rapid Transit Co., 73 Pa. Superior Ct. 536.

*J. DeHaven Ledward,* for appellees.—The plaintiff's evidence alone is before the court, and it must be given every favorable inference which can be drawn from it: Smith v. Standard Steel Car Co., 262 Pa. 550.

The parties were listening for a whistle or signal, and would in all probability have heard if it had been given. Their evidence is not mere negative testimony: Cox v. Schuylkill Valley Traction Co., 214 Pa. 223; Daubert v. R. R. Co., 199 Pa. 345.

A driver of a vehicle may assume that a motorman will not approach a crossing at an excessive speed: Clifford v. Phila. Rapid Transit Co., 269 Pa. 304; Knobeloch v. P. H. B. & N. C. Ry. Co., 266 Pa. 140.

The extent to which one, in the position of a guest, should appreciate an impending peril, and act in relation thereto, depends upon the facts peculiar to each case: Minnich v. Easton Transit Co., 267 Pa. 200.

OPINION BY LINN, J., December 15, 1921:

Judgments were entered on verdicts for the plaintiff and his wife in an action to recover for personal injuries sustained by the wife and consequential losses thereby

resulting to the husband. Defendant made a motion for judgments n. o. v. It was overruled and this appeal was taken. The only error assigned is the refusal to grant that motion.

In passing upon that assignment of error, as the evidence was oral, we consider only the evidence favorable to appellees and disregard what is unfavorable: Geiger v. Garrett, 270 Pa. 192.

The statement of claim averred that the trolley car which struck plaintiff's automobile was operated at an "unlawful rate of speed, and without proper light upon said car......and without giving notice or warning of its approach......"

Appellant contends (1) there is no evidence of defendant's negligence; and (2) plaintiffs' contributory negligence precludes recovery.

Shortly after 9 o'clock p. m. on August 6, 1919, the plaintiff, Cloud, driving a Buick touring car on Coopertown road, in Haverford Township, Delaware County, turned off that road to Mill road. Mill road, intersecting Coopertown road at right angles, crosses at grade the double track trolley line operated by defendant on a private right-of-way parallel with the Coopertown road and six or eight feet therefrom. In his automobile, having a right-hand drive, plaintiff had his son, seated on the front seat, and his wife, daughter-in-law and grandchild on the back seat. The automobile had almost cleared the last of the four rails when it was struck by the step of a trolley car, approaching from the same direction in which plaintiff had come on the Coopertown road. Mrs. Cloud was seriously injured. Plaintiff's automobile lights were lit. He testified that as he approached the Mill road intersection he looked in both directions before turning into Mill road, but saw nothing approaching; that on Mill road he looked again both ways before he reached the first track and saw nothing, but that when he was on the second track he saw the approaching car. He testified "it had no lights on it,"

and that he saw none inside before the collision; that "it was sort of a foggy night" and that when he first saw it the car "was about twenty feet" away. He estimated the speed at which the trolley approached at from 25 to 30 miles an hour; the motorman gave the speed at 15 miles; the conductor at 20. The collision turned the automobile around; the trolley car—forty-seven feet long—stopped in about twice its length. The top of the automobile was up and it had no curtains on it except at the back. At the street intersection was an incandescent light of 25 candle power suspended from a pole; along Coopertown road at intervals of "two blocks apart" the township maintained similar lights, all lit. When plaintiff first saw the trolley car, the front wheels of the automobile were "over the farthest track away," that is the four rails of the trolley tracks had been crossed by the front wheels of his automobile.

Plaintiff's wife testified that the night was misty; that the light maintained by the township at the corner of Mill road and Coopertown road illuminated an area which she described as "I imagine twenty feet you could see." She said as they approached the turn from the Coopertown road to Mill road, she was "looking for the trolley"; that she looked both ways; that it was very dark; that she listened but heard nothing. When she first saw the trolley its head light was not lit. She was asked whether, while crossing the first track, she said anything to her husband when she saw the approaching trolley, and she replied that she did not because there wasn't time to say anything; that she did not "remember anything after I saw the car right at my side."

Plaintiff's son Warren Cloud testified that as the automobile was making the turn he looked in the direction from which the trolley came and saw nothing, and listened and heard nothing. He first saw the trolley when it was about twenty feet away, at which time the automobile had crossed the first track; "I would say the front wheels were about over the first rail of the

second track." He said there was no headlight on the trolley car and he saw no other light and heard no signal. When asked how much of the automobile remained over the tracks at the time of the collision he said "not more than about six inches, six to eight inches of the rear," that the automobile was struck by "the step of the trolley." He also testified the night was misty. The crossing was much traveled.

Defendant offered evidence that the head light, marker lights and lights inside the trolley were illuminated. The motorman of the car said he approached the crossing at about fifteen miles an hour and gave a signal by blowing a long blast of the whistle about two hundred feet from the crossing, and about that time he observed the automobile going out Coopertown road ahead of him and it "then swerved to the right, turned to the right to cross the track ahead of me"; when about seventy-five feet away from the crossing he "blew another blast on the whistle and then applied the emergency," this second blast blowing when the automobile was "just about to turn on the tracks." He testified the driver of the automobile "just kept on coming" and that when the "car struck the automobile the rear wheels of the automobile were just about in the center of the track." He denied the night was misty or foggy. He said "the lights were burning on" the automobile; "it was plainly to be seen"; and that he "could see there were people in it." He stated he "was seventy-five feet from the crossing when he turned, made the turn on the track" for which "he had to come across the eastbound track" before reaching the track on which the trolley approached and that when the automobile got on the track on which the trolley was, the trolley car was "within ten feet of him then." He said he stopped the trolley car with the emergency brake "in about thirty feet." He was asked "Q. When you saw him coming on the track didn't you apply your emergency brake? A. Not right away. Not when he turned. I said I blew my whistle when he turned.

He didn't stop. Q. Then when you saw him turn around on to the first track, you blew your whistle? A. Yes. Q. But you didn't put on your emergency brake? A. Not when I saw him making the turn." It is evident from the motorman's account that if he had not misjudged plaintiff's conduct, he could have prevented the accident; whether he should have done so in the circumstances described, was for the jury.

With a dark trolley car approaching without warning, on a dark misty night (Cox v. Schuylkill Valley Co., 214 Pa. 223; Muscarella v. R. R. Co., 265 Pa. 120, 122; Clinger v. Payne, 271 Pa. 88), with an automobile movement over the crossing so nearly completed that the automobile was struck after it had almost cleared the last rail (Clifford v. P. R. T. Co., 269 Pa. 304), with plaintiffs who looked and listened for the approaching car before leaving Coopertown road, and continuing doing so while making the turn into Mill road and while crossing the first of two tracks, and who got well across the second track before the trolley came into view at a public crossing where it is "the duty of the motorman [especially one who saw plaintiff as we have stated] on approaching the highway crossing to have his car under such control as the circumstances seemed to require, in view of the nature and situation of the crossing and the extent of its use by the public" (Knobeloch v. Railway Co., 266 Pa. 140, 144), we may not deprive plaintiffs of their right to have the jury pass upon the evidence offered: Clifford v. P. R. T. Co., 269 Pa. 304, 306.

Though we have considered appellant's contention on the merits, because appellee made no objection, it is proper to observe that the law requires two appeals if appellant desires a review of two judgments entered under the Act of May 8, 1895, P. L. 54: Rinker v. Colonial Iron Co., 68 Pa. Superior Ct. 258; Geiger v. Garrett, supra; Shaw v. Plains Township, 270 Pa. 387.

The judgments are affirmed.