## Leckstein *v.* Morris, Appellant.

*Negligence — Personal injuries — Suit by husband and wife — Separate verdicts—Appeals—Act of May 8, 1895, P. L. 54.*

Under the provisions of the Act of May 8, 1895, P. L. 54, where a personal injury not resulting in death was wrongfully inflicted on a married woman the rights of action accruing to her and her husband respectively by reason thereof shall be redressed in only one action brought in the names of both. The act further provides that separate verdicts shall be rendered in such action in favor of the wife and husband respectively, and separate judgments shall be entered thereon with the right to separate executions. It follows that separate appeals must be taken from the judgments so entered.

Where the plaintiff, a married woman, sustained injuries in a moving picture theatre by falling on a broken step while descending a stairway, which was improperly lighted, the case was for the jury and a verdict for the plaintiffs will be sustained, where the evidence established that the defect had existed for six days prior to the accident and sufficient time had elapsed for the defendant to have constructive notice of such conditions.

In such action, separate judgments should be entered for the husband and wife and, where this has not been done, the record will be remitted to the court below with instructions to enter separate judgments for the plaintiffs in accordance with the verdict, and as directed by the act of assembly.

Argued October 3, 1922. Appeal, No. 14, Oct. T., 1922, by defendant, from judgment of Municipal Court of Philadelphia, Dec. T., 1920, No. 465, on verdict for plaintiffs in the case of Anna Leckstein and her husband, Max Leckstein, v. Samuel Morris, now or late trading as Franklin Theatre. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Modified and affirmed.

Trespass for damages for personal injuries. Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff Anna Leckstein in the sum of $200 and Max Leckstein in the sum of $300 and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were various rulings on evidence, refusal to give binding instructions in favor of the defendant, and refusal of defendant's motion for judgment non obstante veredicto.

*Leopold C. Glass,* for appellant.

*F. Carroll Fow,* for appellee.

OPINION BY KELLER, J., March 2, 1922:

The Act of May 8, 1895, P. L. 54, directs that where personal injury, not resulting in death, shall be wrongfully inflicted on a married woman, the rights of action accruing to her and her husband respectively by reason thereof shall be redressed in only one action brought in the names of both. It provides, however, that separate verdicts shall be rendered in such action in favor of the wife and husband respectively and separate judgments shall be entered thereon with the right to separate executions. It follows that separate appeals must be

taken from the judgments so entered: Rinker v. Colonial Iron Co., 68 Pa. Superior Ct. 258; one appeal cannot apply to both judgments: Cloud v. Phila. & West Chester Traction Co., 78 Pa. Superior Ct. 85.

In this case the jury rendered a verdict in favor of the injured wife for $200, and in favor of her husband for $300. Only one appeal has been taken. We would quash the appeal in accordance with the action of the Supreme Court in Shaw v. Plains Twp., 270 Pa. 387, were it not that, from the imperfect record before us, but one judgment seems to have been entered in the Municipal Court in favor of the plaintiffs jointly, which may have misled the appellant.

From the evidence produced at the trial the jury might have found: That the plaintiff, Anna Leckstein, with her daughter and grandchild attended the defendant's moving picture theatre on the evening of October 30, 1920. The child having occasion to use the toilet, inquiry was made of an attendant who directed them to the public lavatory in the basement. The steps leading down were but dimly lighted and even this light was cut off in descending the stairs. The plaintiff, who accompanied the child, though descending carefully, did not notice that the third step from the top was defective, its tread having been broken for its entire width so that it was only about half its usual depth, (five inches instead of ten). This step provided no support for plaintiff's foot and she was thrown to the bottom of the steps and injured. The break appeared to be an old one and had been seen by a witness six days before the accident, so that sufficient time had elapsed for the defendant to have constructive notice of its defective condition.

If believed by the jury this evidence made out a case of negligence sufficient to support verdicts for the plaintiffs. It was contradicted flatly by the defendant but this raised questions of fact which were for the jury, and, having been determined by them in favor of the plaintiffs, we must accept their finding.

The evidence complained of in the first four assignments of error was relevant and material on the question of constructive notice to the defendant of the broken step. The defect was not one that could vary from day to day, but was a broken board, and necessarily continued so until replaced. As the evidence bearing upon the important issues of the case was conflicting, binding instructions could not be given for either party. The assignments of error, therefore, must all be overruled. The record will, however, be remitted to the court below with instructions to enter separate judgments for the plaintiffs in accordance with the verdict and as directed by the Act of 1895, supra: Hug v. Hall, 79 Pa. Superior Ct. 392; and as so modified, the judgments are affirmed.