## Idell et al. *v.* Day, Appellant.

*Practice, Superior Court—Appeals — Joint appeals — Improper joinder—Waiver of objection—Decision of Supreme Court—Controlling authority—Act of June 24, 1895, P. L. 212.*

Where in an action to recover damages for personal injuries, a father and his minor daughter recover verdicts upon which judgments are entered in favor of each, there is no authority for a joint appeal. The proper practice is to take two appeals—one from each judgment.

Where an improper joinder appears, the appeal must be quashed, or an election required. The Superior Court considered such an appeal upon its merits, instead of quashing it, where the appellees made no objection.

The Act of June 24, 1895, P. L. 212, establishing the Superior Court, by section 10, makes decisions of the Supreme Court binding authority upon the Superior Court. It, therefore, follows that, when the Supreme Court has passed upon questions presented to the Superior Court, in another action against the same defendant, arising out of the same facts, the Superior Court will follow the judgment of the Supreme Court, without a discussion of the questions involved.

Idell v. Day, 273 Pa. 34, followed.

Argued October 20, 1921.   Appeal, No. 45, Oct. T.,· 1921, by defendant, from judgment of C. P. No. 2, Phila. Co., March T., 1920, No. 4673, on verdict for plaintiffs, in the case of Betty Idell, a minor, by her next friend and father, Morris Idell, and Morris Idell, in his own right, v. Elbert O. Day.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.   Affirmed.

Trespass to recover damages for personal injuries. Before ROGERS, J.

The opinion of the Superior Court states the case.

Verdict and judgment in favor of the plaintiff, Betty Idell, in the sum of $1,300, and in favor of Morris Idell, in the sum of $200.   Defendant appealed.

*Errors assigned* were refusal to give binding instructions for defendant, refusal of new trial and refusal to enter judgment for defendant non obstante veredicto.

*Lincoln L. Eyre,* for appellant.—There was no evidence of negligence on the part of the defendant, and the case should not have been submitted to the jury: Eastburn v. U. S. Express Co., 225 Pa. 33; McKee v. Harrisburg Traction Co., 211 Pa. 47; Hoff v. Ward Baking Co., 70 Pa. Superior Ct. 235.

*M. J. McEnery,* for appellee.—The question of negligence, in this case, was entirely one of fact to be passed upon by the jury: Yeager v. Gately & Fitzgerald, 262 Pa. 466.

Even if it were held that a sled is a vehicle, required by the act of assembly to carry a light, the question remains whether the violation of the act was the cause of the injury: Stubbs v. Edwards, 260 Pa. 75; McIllheny v. Baker, 63 Pa. Superior Ct. 385.

PER CURIAM, March 3, 1922:

This action in trespass was brought by a minor daughter, by her father as next friend, and the father in his own right, against the defendant to recover damages for injuries received in a collision between the defendant's automobile with some children coasting on a flexible sled. A verdict was recovered in favor of each of the named plaintiffs, and one appeal was taken from the two judgments as entered on the verdict. Such procedure is not warranted. The alleged rights of the parties are separate and distinct, and there is no authority for a joint appeal: Bitler's Est., 30 Pa. Superior Ct. 84; Com. v. Surety Co., 37 Pa. Superior Ct. 167.

The question has been conclusively determined in Mc-Glinn's Est., 270 Pa. 373, in which it is held, "Where an improper joinder appears, the appeal must be quashed (Samson's Est., 22 Pa. Superior Ct. 93; May's Est., 22 Pa. Superior Ct. 77), or an election may be required. In such case, a non pros may be entered as to all appellants, but one: White's App., 15 W. N. C. 313; Rinker v. Colonial Iron Co., 68 Pa. Superior Ct. 258; Saunders v. Pittsburgh Rys. Co., 255 Pa. 348." And, in Shaw v. Plains Township, 270 Pa. 387, the appeal was quashed for the reason that "the joint appeal was improperly taken; there should be two appeals—one from each judgment." In our own case of Cloud v. Phila. & W. C. T. Co., filed December 8, 1921, 78 Pa. Superior Ct. 85, we declared the necessity of taking separate appeals, for the reasons given in the cases cited, but inasmuch as the appellee did not make any objection, we considered the appellant's contention on its merits, and affirmed the judgments instead of quashing the appeal. A similar situation is presented in this case. The appellee did not object to hearing the two cases in the one appeal. The result to the appellant is not changed for the reason, that in the case of Clarence Idell v. the same defendant, his liability to the plaintiff in that case, grew out of facts that are identical with those exhibited in this record, as

decided by the Supreme Court in an opinion filed February, 6, 1922, 273 Pa. 34.

The plaintiffs in the two cases were parties in the same accident, and the injuries to each were caused by the negligence of the defendant.  If the appellant had elected to non pros as to one of the parties, the judgment would have to be affirmed, on the authority of the case decided by the Supreme Court, which by virtue of section 10, Act of June 24, 1895, P. L. 212, we are required to receive and follow as of binding authority, and it would be out of place for us to discuss the questions arising on the same evidence, between the same parties, and in the same case: Collins & Woods v. Busch, 15 Pa. Superior Ct. 255.

The judgments are affirmed.