## Howard v. Baltimore & Ohio Railroad Company, Appellant.

*Negligence—Railroads—Grade crossing—Collision between locomotive and wagon.*

The rule in Carroll v. Railroad Co., 12 W. N. C. 348, is in its nature only applicable to clear cases. It applies only when a person enters upon a railroad track and is struck by a moving train so instantaneously as to raise a legal presumption that he did not stop, look and listen, and to rebut any presumption that he had done so. Where there is doubt as to negligence upon the part of the plaintiff, the case is for the jury.

In an action against a railroad company to recover damages for personal injuries sustained by plaintiff in a collision between a locomotive and a wagon on which the plaintiff was riding, the case is for the jury where the evidence tends to show that plaintiff stopped, looked and listened at a point some fifteen or twenty feet from the track, which according to the evidence of the defendant, permitted of a view along the track in the direction from which the engine came for a distance of about 600 feet, and that when plaintiff stopped he looked up and down the railroad in both directions and listened for a train, and, not seeing or hearing a train, started over the tracks with the result that the wagon was struck at the rear end just as it was leaving the track.

Argued Oct. 24, 1907. Appeal, No. 92, Oct. T., 1907, by defendant, from judgment of C. P. Washington Co., Aug. T., 1906, No. 111, on verdict for plaintiff in case of J. E. Howard v. The Baltimore & Ohio Railroad Company. Before MITCH-ELL, C. J., FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before Taylor, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $2,708.33. Defendant appealed.

*Error assigned* among others was in refusing binding instructions for defendant.

*Norman E. Clark*, with him *Winfield McIlvaine*, for appellant.—One who is struck by a moving train which was plainly visible from the point he occupied when it became his duty to stop, look and listen, must be conclusively presumed to have disregarded that rule of law and of common prudence and to have gone negligently into an obvious danger: Myers v. B. & O. R. R. Co., 150 Pa. 386; Gangawer v. Phila. & Reading R. R. Co., 168 Pa. 265; Harvey v. Erie R. R. Co., 210 Pa. 95; Blotz v. R. R. Co., 212 Pa. 154; Sellers v. Ry. Co., 214 Pa. 298; Ellis v. Penna. R. R. Co., 216 Pa. 415; Sheehan v. R. R. Co., 166 Pa. 354; Holden v. R. R. Co., 169 Pa. 1.

*T. F. Birch*, for appellee.—The question of contributory negligence cannot be treated as one of law, unless the facts and inferences to be drawn from them are free from doubt. If there is doubt as to either the case is for the jury: Kuntz v. Railroad Co., 206 Pa. 162; Kelly v. Traction Co., 204 Pa. 623; Meyers v. Central R. R. Co. of N. J., 218 Pa. 305; Bickel v. Penna. R. R. Co., 217 Pa. 456.

Opinion by Mr. Justice Potter, January 6, 1908:

This was an action to recover damages for injuries sustained by plaintiff, to himself and his property, while crossing the tracks of the defendant company at grade, near Finleyville, Pa. The appellant does not question the sufficiency of the evidence as to the negligence of the employees of the railroad company, but it contends that the plaintiff was guilty of contributory negligence. The trial judge declined to give binding instructions for the defendant, and submitted the questions of negligence and contributory negligence to the jury. The only question presented by this appeal, is whether under

the testimony, the court below should have held as matter of law that the plaintiff by his negligence contributed to the happening of the accident. We have said many times that the rule set forth in Carroll v. Railroad Co., 12 W. N. C. 348, is in its nature only applicable to clear cases. It applies only where a person enters upon a railroad track, and is struck by a moving train so instantaneously as to raise a legal presumption that he did not stop, look and listen, and to rebut any presumption that he had done so. Where there is doubt as to negligence upon the part of the plaintiff, the case is for the jury. In the present case, it appears from the evidence that the horses of the plaintiff, instead of being struck immediately upon going upon the track, were not struck at all, but his wagon was struck at the rear end, just as it was leaving the track. The witnesses for plaintiff testified that he stopped, looked and listened at a point some fifteen or twenty feet from the track, which, according to the evidence of the defendant, permitted of a view along the track, to the east, the direction from which the train came, for a distance of about 600 feet. The plaintiff, in his account of the accident, states that he came down to within probably twenty feet of the main track, and he says : " I had a driver with me and I called to my driver to stop, and I said, ' There's a railroad crossing, stop,' and he stopped the horses and we looked up and down the railroad in both directions and listened for the train, and we neither saw nor heard a train, so we started on over ; I told the driver to go ahead and the driver started to go across the track, and just after the horses had got on the railroad crossing we heard an engine blow an alarm whistle, three rapid loud toots in succession. I yelled at the horses and grabbed the lines out of the driver's hands and the horses jumped forward and cleared the track themselves, but the locomotive struck the wagon about the hind wheel, or rather towards the rear end of the wagon." This statement is corroborated by the driver of the wagon. If the testimony upon the part of the plaintiff is to be believed, then he was not guilty of contributory negligence ; it would go to show that he stopped at the proper place, and at that time could neither see nor hear any train approaching. If this was true, he was justified in proceeding to cross the track as he did. The engineer testified

that when the engine struck the wagon, the train was running at a speed not exceeding eighteen miles an hour ; but even this rate would bring the train from the point where it could be first seen, to the crossing, in less than half a minute.

Under the evidence in this case, it could not properly have been taken from the jury.

The judgment is affirmed.