## Bush *v.* Philadelphia & Reading Railway Company, Appellant.

*Negligence—Railroads—Automobiles—" Stop, look and listen "—Contributory negligence.*

1. In determining the question of the contributory negligence of a person crossing railroad tracks, though the mere act of stopping does not of itself show that he stopped at a proper place, or that there was not another and better place where he should have stopped again, or that his duty of looking and listening was performed with the proper care and attention, yet stopping is opposed to the idea of negligence, and unless, notwithstanding the stop, the whole evidence shows negligence so clear that no other inference can properly be drawn from it, the court cannot draw that inference as a conclusion of law, but must send the case to the jury.

2. In an action to recover damages for the wrecking of an automobile by a railroad train in a collision at nighttime upon a public crossing on a borough street where the driver of the automobile testifies that he stopped his machine and looked and listened about nine feet from the first track, and it is admitted that before reaching this point he had passed no place where he could have had a view of an approaching train, the questions whether he stopped a sufficient length of time to inform himself of conditions, and whether he advanced with due caution from that point, are to be determined, not by hard and fast rules of positive duty applicable in all cases, but by the jury upon a consideration of all the circumstances in the case.

Argued March 7, 1911. Appeal, No. 351, Jan. T., 1910, by defendant, from judgment of C. P. Northampton Co., June T., 1909, No. 63, on verdict for plaintiff in case of S. R. Bush v. Philadelphia & Reading Railway Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Trespass to recover damages for injuries to an automobile. Before SCOTT, P. J.

The facts appear in the opinion of the Supreme Court.

Verdict for plaintiff for $4,792.50 and judgment thereon. Defendant appealed.

*Errors assigned* were in refusing judgment for defendant.

*James W. Fox,* with him *Edward J. Fox,* for appellant.

*H. J. Steele,* with him *Robert A. Stotz,* for appellee.

OPINION BY MR. JUSTICE STEWART, July 6, 1911.

This action was for the recovery of damages for the wrecking of plaintiff's automobile by a passing train on the defendant's road. The collision occurred at nighttime, on a public crossing on one of the streets in the borough of South Bethlehem. The machine was being driven by an employee of the plaintiff on the business of the latter. The finding of the jury is conclusive on the question of the defendant's negligence. No question is raised as to the sufficiency of the evidence to support such finding; nor are the instructions of the court on this branch of the case complained of. The only question is whether the court should have held as matter of law, that the negligence of the driver contributed to the accident. In his opinion filed refusing judgment non obstante, the learned trial judge speaks of the case as a close one; and so it is, upon its general facts; but with respect to the question we are now considering we regard the case as falling clearly within a long line of cases which vindicate the final conclusion of the court. The testimony of the driver, if believed, shows literal compliance on his part with those rules of duty, the nonobservance of which this court has repeatedly said must be adjudged negligence per se. He stopped, looked and listened before entering upon the tracks with his machine. While none of the other witnesses called on behalf of the plaintiff would positively confirm all that the driver testified to, none of them testified directly to the contrary of what he said, while all admitted that appearances as they were there presented to bystanders supported the driver's testimony. The place where he stopped his machine was about nine feet from the first track. Admittedly, before reaching this point he had passed no place where he could have had a view of an approaching train. Whether he stopped a sufficient length of time to inform himself of conditions, and whether he advanced with due caution

from that point, were questions to be determined not by hard and fast rules of positive duty applicable in all cases, but by the jury upon a consideration of all the circumstances in the case, not the least important of which was the fact appearing here that the time required to pass from the place where the driver stopped his machine to the place where the collision occurred, was but three or four seconds at most, and that through open gates implying to the ordinary traveler an invitation to advance. The evidence shows that these gates, though operated in daytime for the avoidance of accidents, were, by some regulation of the company, the wisdom or necessity for which is left unexplained, never lowered after eight o'clock in the evening. But the driver testified that he was not familiar with the neighborhood and knew nothing of the rules of the company in this regard. The law with respect to such cases as this is so clearly expressed in Ely v. Railway Co., 158 Pa. 233, by the late chief justice, that no other citation of authority is required. It is there said: "The mere act of stopping does not it is true of itself show that he stopped at a proper place, nor that there was not another and better place where he should have stopped again, or that his duty of looking and listening was performed with the proper care and attention, but stopping is opposed to the idea of negligence, and unless, notwithstanding the stop the whole evidence shows negligence so clear that no other inference can properly be drawn from it, the court cannot draw that inference as a conclusion of law, but must send the case to the jury."

While upon the whole evidence the jury might well have hesitated before reaching their conclusion that this driver stood clear of negligence, yet the question was exclusively for them, since the evidence to establish negligence on his part was not so clear or positive as to exclude other inference. The case was one for the jury and was submitted under proper instructions.

The assignments of error are overruled and the judgment is affirmed.