# Waltosh, Appellant, v. Penna. R. R. Co.

*Negligence—Railroad crossings—"Stop, look and listen"—Presumption—Contributory negligence—Burden of proof—Nonsuit—Evidence—Leading question.*

1. While the plaintiff is bound to prove negligence on the part of defendant in an action for personal injuries and that this negligence was the cause of the injury, he is not bound to go further and prove that he did not contribute to the result by his own negligence. That burden is on defendant unless the evidence produced discloses contributory negligence.

2. The rule of Carroll v. Penna. R. R. Co., 12 W. N. C. 348, applies only where a person enters upon a railroad track, and is struck by a moving train so instantaneously as to raise a legal presumption that he did not stop, look and listen, and to rebut any presumption that he had done so. Where there is a doubt as to the negligence upon the part of the plaintiff, the case is for the jury.

3. In an action against a railroad company to recover damages for personal injuries sustained in a grade crossing collision, where it appeared that at the place where the accident occurred the defendant maintained six tracks, and that approaching the tracks from the direction from which the plaintiff came there were two side tracks, an open space twenty-four feet in width, and then four main tracks; that as plaintiff approached the side tracks he stopped and looked up and down the tracks and waited for a freight train to pass; that he then crossed the side tracks, and while in the

space between the side tracks and main tracks looked up and down and heard no train coming but did not stop, although there was sufficient space for him to do so; that the rear of plaintiff's sled was struck just as it was about ,to cross the far rail of the last main track, the question of plaintiff's contributory negligence, including the question whether he should have stopped again after entering upon the side tracks, is for the jury.

4. The common law rule is that a question is leading where it embodies the material facts, and admits of an answer by a simple affirmative or negative; but in modern times this rule has been somewhat departed from by a number of decisions which hold that such a categorical question is not necessarily leading, providing of course that it is not so framed as to give an intimation as to which answer is desired.

5. Where in an action for injuries sustained at a railroad grade crossing plaintiff's counsel asked "Did you hear any train coming down?" and plaintiff answered, "No." and thereupon plaintiff was asked "Did you listen for a train coming down?" the contention that the question was leading was without merit, and the court erred in sustaining an objection thereto.

6. In such case the question "Were you in a position where you could have heard the whistle of that train if it had been blown," put to one of plaintiff's witnesses on direct-examination, does not indicate the answer desired and therefore is not leading and was erroneously excluded by the trial judge.

Argued Sept. 25, 1917. Appeal, No. 149, Oct. T., 1917, by plaintiff, from order of C. P. Cambria Co., Sept. T., 1913, No. 248, refusing to take off a nonsuit, in case of William Waltosh v. Pennsylvania Railroad Company, a corporation. Before BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Reversed.

Trespass to recover damages for personal injuries. Before STEPHENS, P. J.

The tracks referred to by number in the opinion of the Supreme Court are the main tracks. Track No. 4 is the last main track in the direction in which plaintiff was proceeding. Further facts appear by the opinion of the Supreme Court.

The trial judge entered a compulsory nonsuit, which

the court in banc subsequently refused to take off.  Plaintiff appealed.

*Errors assigned* were rulings on evidence and the refusal of the court to take off the nonsuit.

*Walter E. Glass,* specially admitted pro hac vice, for appellant.

*F. J. Hartmann,* for appellee.

OPINION BY MR. JUSTICE POTTER, January 7, 1918:

Counsel for appellant complains of the refusal of the court below to take off a judgment of compulsory nonsuit, which was entered upon the ground that plaintiff did not "stop, look and listen" before entering upon a grade crossing of defendant's railroad, and was, therefore, guilty of contributory negligence.

It appears from the evidence that, at the place where the accident occurred, the defendant company maintains six tracks.  Approaching the railroad from the south, at that point, as did plaintiff, one would find two side tracks, then an open space some twenty-four feet in width, and then four main tracks.

Plaintiff testified on his own behalf that, on the night of the accident, as he came down the street to the railroad, and approached the side tracks, he stopped on the south side, and looked up and down the track.  He waited until a freight train had passed and then crossed the side tracks.  Between the side tracks and the main tracks there was sufficient space for a wagon to stand.  Plaintiff said that when he passed over the side tracks, he looked up and down the tracks, and heard no train coming down.  When asked by his counsel if he listened for a train coming down, the question was excluded, as being leading.  Plaintiff testified further that, while he was passing over the crossing, he listened and looked up.  The weather was thick, snowing and sleeting and driving

in his eyes. While plaintiff was on the crossing, he heard
no train coming, nor did he see one. When his horse
was on track No. 4, a man, who was crossing before him,
called to him that a train was approaching. The sled
was still on track No. 3. He struck the horse and it
jumped across, but the train caught the sled in the rear
and dashed it against the telephone pole, and threw
him against the pole hard enough to inflict severe in-
juries. He did not see the train until he was caught
by it. No bell was rung as the train approached the
crossing, nor signal given by whistle. No witness, except
plaintiff himself, testified as to whether he stopped,
looked and listened. He spoke English imperfectly, and
the testimony above cited was given through an inter-
preter.

In the opinion refusing to take off the nonsuit, the
court below said: "The plaintiff in the present case had
within his own knowledge all the facts and circum-
stances upon which he relied, among which was that
of whether or not he stopped, looked and listened at the
proper time and place. We hold that the burden of es-
tablishing these facts was upon the plaintiff, and having
failed to disclose the fact that he listened for approach-
ing trains immediately before entering upon the grade
crossing over the main line track the conclusion is that
he did not perform the duty upon him, that is to stop,
look and listen, and therefore he could not, under the
law, recover from the defendant company for the injuries
sustained, regardless of the negligence of said company,
and it was the duty of the court to so inform the jury or
to sustain a motion for a compulsory nonsuit." This
view of the law placed upon the plaintiff the burden of
showing as part of his case, that he was not guilty of
contributory negligence. The law does not go that far.
In Ely v. Pittsburgh, Cincinnati, Chicago & St. Louis
Ry., 158 Pa. 233, a grade crossing case, where the defense
was that plaintiff had failed to observe the rule requiring
him to stop, look and listen, it was said (p. 238): "In

cases like the present, the plaintiff is not required to disprove contributory negligence, but only to make out a case clear of it. Unless, therefore, his negligence appears affirmatively, he is entitled to go to the jury on the general presumption against it."

In Coolbroth v. Penna. R. R. Co., 209 Pa. 433, Mr. Justice DEAN said (p. 439) : "She [plaintiff] is bound to prove negligence on the part of defendant and that this negligence caused her injury; she is not bound to go further and prove that she did not contribute to the result by her own negligence. That burden is on defendant, unless the evidence adduced by her discloses contributory negligence."

In the present case, it will be noted plaintiff testified that, before going upon the tracks, he stopped and looked, but did not expressly say that he listened. The act of stopping and looking up and down the tracks to see whether a train was approaching, would naturally involve listening for the train. As was said by Mr. Justice STERRETT in Penna. R. R. Co. v. Werner, 89 Pa. 59, 65, "To conclude that he did not listen while standing there, would require a strained and unnatural inference. The presumption would rather be that he did listen as well as look." While the testimony of plaintiff did not show affirmatively that he listened, yet it did not show that he had not listened. As the case stood at the close of the testimony, it was for the jury.

It may very well be that, in the exercise of reasonable prudence, plaintiff should have stopped, looked and listened again, after crossing the side tracks and before going upon the main tracks. He said there was sufficient space between the tracks for him to do so. He testified that, before going on the main tracks, he again looked up and down the tracks, but did not say he stopped while doing so. He also said that he listened and looked up "while passing over the crossing," without stating at what point. Whether or not plaintiff should have stopped again after entering upon the

tracks, was, under all the circumstances, a question for the jury: Moore v. Penna. R. R. Co., 242 Pa. 541; Witmer v. Bessemer & Lake Erie R. R. Co., 241 Pa. 112.

Counsel for appellee cites and relies on the well-known case of Carroll v. Penna. R. R. Co., 12 W. N. C. 348, but the facts of the present case do not bring it within the doctrine there laid down, for the reason that plaintiff's horse had safely passed over the track when the accident occurred, and his sled was struck at the rear end. In Howard v. B. & O. R. R. Co., 219 Pa. 358, 360, we state that, "We have said many times that the rule set forth in Carroll v. Penna. R. R. Co., 12 W. N. C. 348, is in its nature only applicable to clear cases. It applies only where a person enters upon a railroad track, and is struck by a moving train so instantaneously as to raise a legal presumption that he did not stop, look and listen, and to rebut any presumption that he had done so. Where there is doubt as to negligence upon the part of the plaintiff, the case is for the jury. In the present case, it appears from the evidence that the horses of the plaintiff, instead of being struck immediately upon going upon the track, were not struck at all, but his wagon was struck at the rear end, just as it was leaving the track." The rule in the Carroll case was, therefore, held not to be applicable, and it is manifest that, for the same reason, it does not apply to the case at bar.

In the seventh assignment of error it is alleged that the court below erred in sustaining an objection to a question put to plaintiff by his counsel. He had testified that, when he came to the main tracks, he looked both up and down the track to see whether he could cross. Then his counsel asked: "Did you hear any train coming down?" He answered, "No," Counsel then asked: "Did you listen for a train coming down?" This question was objected to as leading and was excluded. A leading question is one which suggests to the witness the answer desired. There is nothing in the form of this question to indicate the desire of the examiner. That it

is categorical, and may be answered either "Yes" or "No," does not necessarily make it leading. In 40 Cyc. L. & Pr. 2423, it is said: "The common-law rule is that a question is leading where it embodies a material fact and admits of an answer by a simple affirmative or negative; but in modern times this rule has been somewhat departed from by a number of decisions which hold that such a categorical question is not necessarily leading, provided of course that it is not so framed as to give an indication as to which answer is desired."

Complaint is also made of the exclusion of a question put to plaintiff's witness McHally, as follows: "Were you in a position where you could have heard the whistle of that train if it had blown?" This question does not indicate the answer desired, and, therefore, was not leading. The inquiry was proper and should have been permitted.

The second, fourth, fifth, seventh and eleventh assignments of error are sustained, and the judgment is reversed with a procedendo.