# Clinger *v.* Director General of Railroads, Appellant.

*Negligence—Railroads—Automobiles — Right-angled collision— Contributory negligence — Case for jury — Motion for judgment n. o. v.—Withdrawal of motion for new trial—Appeals—Limited by record.*

1. Where a railroad company, against which a verdict has been rendered in an accident case, concedes that its negligence was for the jury, but moves for judgment n. o. v. on the ground of plaintiff's contributory negligence, the court will view all the attending

circumstances of the accident in the most advantageous light for plaintiff.

2. Where, in an action against a railroad company for damages sustained in a right-angled collision between defendant's locomotive and a motor truck operated by plaintiff, defendant withdrew its motion for a new trial, and stood solely on its motion for judgment n. o. v., the appellate court cannot consider assignments of error complaining of the refusal of the trial court to submit to the jury certain requests for special findings, being limited by the record to the affirmance of the judgment or entering it for defendant.

Argued May 9, 1921. Appeal, No. 443, Jan. T., 1921, by defendant, from judgment of C. P. Mifflin Co., May T., 1920, No. 61, on verdict for plaintiff, in case of Miles C. Clinger, for himself and for use of Atlantic Refining Co., v. John Barton Payne, Director General of Railroads, agent United States Railroad Administration. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before BAILEY, P. J.
The opinion of the Supreme Court states the facts.
Verdict and judgment for plaintiff for $5,924.56. Defendant appealed.

*Errors assigned,* were (1) refusal to submit to the jury certain questions to be answered by them in writing, and to be returned with their verdict as special findings relating to earnings and expectancy of life; (2) refusal of binding instructions for defendant, and (3) refusal of defendant's motion for judgment n. o. v.

*Rufus C. Elder,* for appellant.

*F. W. Culbertson,* with him *T. M. B. Hicks,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, May 26, 1921:
Plaintiff was injured in a collision between defendant's locomotive and a large motor truck he was driv-

ing, while crossing defendant's single-track railroad, operated by it longitudinally along the middle of Chestnut Street, in the Borough of Lewistown. Chestnut Street is crossed at right-angles by Pine Street, and, partly owing to the tracks of the railroad being laid in the center of Chestnut Street, the grade of Pine Street as it approaches Chestnut Street sharply ascends, which required plaintiff, who was driving on Pine Street, to operate his truck in low gear in order to make the crossing. The truck had almost cleared the track, when it was struck at the rear end by defendant's locomotive, plaintiff was thrown from his seat, and sustained serious injuries, to recover damages for which, this action was brought; the verdict was in his favor and defendant has appealed, contending that judgment should be entered for it notwithstanding the verdict.

The decision of the case comes down to the resolution of a single query—Was plaintiff guilty of contributory negligence?—as defendant admits, under the proofs, its negligence was for the jury. It however insists plaintiff was so clearly contributorily negligent, it must be so determined as a matter of law.

The negligence charged against defendant, which the court submitted for the jury's consideration, was the failure to have the headlight of the locomotive lit and neglect to give notice of the approach of the train by bell or whistle. Conceding, as defendant does, these two matters to be for the jury, and the jury having found for plaintiff, all the attending circumstances of the collision must necessarily be viewed, on defendant's motion for judgment n. o. v., in the most advantageous light for plaintiff (Keinath v. Bullock, Receiver, 267 Pa. 589). Thus viewing the case, we have the following facts and circumstances to deal with:

Plaintiff in the early morning, before it was light, brought a large truck, which he was employed to operate, out of the building where it was kept, near defendant's railroad, approached within fifty feet of the track, alight-

ed from the truck, leaving its engine running slowly, walked toward the track, stopped within twenty feet of it, where the best view which could be obtained was to be had, hearing and seeing nothing, he mounted the truck, started it up the grade in Pine Street, necessary to get him over the tracks in Chestnut Street, and when he had almost cleared them, was struck by defendant's locomotive, which approached the crossing, in a heavy fog, without any headlight lit, and without giving notice of its approach, by either ringing a bell or blowing a whistle, increasing its speed as it approached, because of an adverse grade. Under these circumstances, the question of plaintiff's contributory negligence was for the jury: Bush v. Phila. & Reading Ry. Co., 232 Pa. 327; Bond v. Penna. R. R. Co., 224 Pa. 460; Ely v. Pittsburgh, Cincinnati, Chicago & St. Louis Ry. Co., 158 Pa. 233.

One of defendant's assignments of error complains of the court's refusal to submit to the jury certain requests which it presented for special findings. As defendant withdrew its motion for a new trial and stood solely on its motion for judgment, this assignment cannot be considered, as we are limited by the record to affirming the judgment or entering it for defendant.

The assignments of error are overruled and the judgment is affirmed.