## Weiler, Appellant, *v.* Marine National Bank.

*Banks and banking—Alleged wrongful payment of check—Suit by depositor against bank—Intent of depositor.*

1. In a suit by a depositor against his bank to recover an amount of a check alleged to have been wrongfully paid the plaintiff cannot recover, where the evidence shows that, although the check was improperly endorsed, and improperly paid, it was the intention of plaintiff that the check should be paid to the person to whom in fact it was paid.

Argued October 9, 1925. Appeal, No. 163, March T., 1925, by plaintiff, from judgment of C. P. Allegheny Co., July T., 1922, No. 1360, on verdict for defendant, in case of Samuel B. Weiler v. Marine National Bank. Before MOSCHZISKER, C. J., FRAZER, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit by depositor against bank for alleged wrongful payment of check. Before HAYMAKER, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for defendant.   Plaintiff appealed.

*Error assigned* was, inter alia, refusal of plaintiff's motion for judgment n. o. v., quoting record.

*Leonard S. Levin,* for appellant.—Cases showing that the bank is liable where payment is not directly made to the payee are as follows: Califf v. Bank, 37 Pa. Superior Ct. 412; Houser v. Bank, 27 Pa. Superior Ct. 613; Falconi v. Magee, 47 Pa. Superior Ct. 560; Schmitt v. T. & T. Co., 61 Pa. Superior Ct. 301; Schmitt v. Bank, 67 Pa. Superior Ct. 453.

*Ernest Fry,* with him *R. A. & James Balph,* for appellee, cited: States v. Bank, 17 Pa. Superior Ct. 256; affirmed in 203 Pa. 69.

OPINION BY MR. JUSTICE FRAZER, November 23, 1925:
Plaintiff gave his check for $6,375, dated October 7, 1921, payable to order of the Mendel Box Company and drawn on the Marine National Bank of Pittsburgh, the defendant.   The check was certified by defendant and endorsed "Mendel Box Co., S. W. Mendel, for Treasurer," and subsequently deposited by Mendel in the Monongahela National Bank of Pittsburgh, in which institution both he and the box company carried an account, and Mendel given credit for the amount of the check in his personal account.   The check was paid in due course and no question raised until more than two months later, at which time plaintiff notified the bank that the proceeds of the check were paid to the wrong person, and later this action was brought to recover the amount of the alleged improper payment, less a credit of $1,675 which plaintiff admitted having received, leaving a total balance of $4,700 unpaid.   It was conceded by defendant that the endorsement made by Mendel "for Treasurer" was not a proper one, and that the

money was improperly credited, it was, however, averred the Mendel Box Company was without knowledge of the transaction, and that it was the intention of both plaintiff and Mendel that the latter should receive the proceeds of the check, and further that a conspiracy existed between plaintiff and Mendel whereby, following payment to Mendel, his authority to endorse the check would be questioned, and a claim made against defendant bank for making payment to a person not entitled thereto. The questions of fact were submitted to the jury and, from a verdict in favor of defendant, plaintiff appealed.

At the time the check was given, plaintiff received a note purporting to be the obligation of the Mendel Box Company for $6,375, signed by Mendel "for Treasurer" of the company and as collateral took certain trade acceptances, and a note for $5,000 properly executed by the Mendel Box Company to Mendel's order. Plaintiff admitted having received $1,675 on account of the $6,375 note and there was evidence, adduced by defendant, not denied by plaintiff, that the $5,000 note was subsequently paid by the Mendel Box Company to plaintiff. He thus received the full benefit of the collateral and repayment of the loan in full, notwithstanding the misapplication of the proceeds of his check. On this theory of the case, plaintiff lost nothing in the transaction, and the court properly instructed the jury that, if they believed the note of the Mendel Box Company for $5,000 was paid to plaintiff, there could be no recovery inasmuch as the amount received on that note exceeded the balance claimed by plaintiff in this action.

We find evidence that plaintiff at times discounted paper for Mendel and that the Mendel Box Company was not a party to nor had knowledge of such transactions. As indicating that plaintiff was aware that Mendel intended to deposit the check for $6,375 in his personal account and not in the account of the company, there is evidence that, subsequent to the delivery of this check,

another one for $4,700, payable to the order of the Mendel Box Company was given by plaintiff to Mendel, which was also endorsed by the latter "for Treasurer" and deposited by him in his individual account. The bank, however, refused to accept this latter paper, owing to its irregular endorsement, whereupon plaintiff took up the check by issuing another to Mendel personally. Following this transaction, the president of the box company called on plaintiff, and notified him that he, plaintiff, was not indebted to the box company in any amount, and inquired as to the reason for giving the $4,700 check. Plaintiff then stated he would secure that check from the bank and replace it with a new one for the same amount payable directly to Mendel and suggested that if the box company would admit the first check was intended for it, he would collect the $4,700 from the bank and the box company could receive the benefit of the difference between that amount and the $6,375. These facts indicate a second attempt to cash a check by the same method used in connection with the first one, which is the basis of the present action, and further shows knowledge on the part of plaintiff that Mendel was without authority to endorse for the Mendel Box Company, and was also evidence of an intent to defraud the bank. It is significant that although the present action was brought on the alleged balance due on the check for $6,375, plaintiff admitted on the witness stand that suit was actually brought for the amount of the second check for $4,700, given to Mendel to take up the first one made payable to the order of the box company, and on which payment was refused by the bank. If this be true, then plaintiff, in effect, admitted he based this action on the wrong check. The evidence was ample to warrant the jury in finding that plaintiff dealt with Mendel individually, and that it was mutually intended Mendel should receive and deposit the proceeds of the check in his personal account. To allow plaintiff to recover in this action under these circumstances,

would be equivalent to permitting him to take advantage of his own wrong and compel the bank to pay a loss clearly the result of his design, fault or neglect.

The judgment is affirmed.