Ehrhart, Appellant, v. York Rys. Co.

Argued May 26, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*James Glessner,* for appellant.—Though supported by only one witness and strongly contradicted, the question of fact cannot be withdrawn from the jury: Thomas v. R. R., 275 Pa. 579; Saxman v. McCormick, 278 Pa. 268, 272; Cuteri v. West Penn Ry., 305 Pa. 347.

It is entirely possible that when the decedent had committed himself to the crossing, actually the trolley car was not in sight, hence contributory negligence could not be declared as a matter of law: Thomas v. R. R., 275 Pa. 579; Mills v. R. R., 284 Pa. 605.

The case is fully decided by the recent case of Cuteri v. Ry., 305 Pa. 347.

The driver of an automobile is not guilty of contributory negligence as a matter of law if he does not stop before crossing the tracks on an interurban railway; if he looks and listens and continues to do so before and during the crossing, the question is one for the jury and not for the court: Keck v. Ry., 271 Pa. 479; Harter v.

R. R., 79 Pa. Superior Ct. 25; Koons v. Traction Co., 290 Pa. 303; Flounders v. Traction Co., 280 Pa. 85; Harter v. R. R., 79 Pa. Superior Ct. 25.

It is only when the evidence shows such lack of proper caution on the part of the person injured as to amount, as a matter of law, to contributory negligence, that the case is no longer for the jury: Fordyce v. Bus Line, 304 Pa. 106.

*V. K. Keesey,* with him *W. H. Kurtz* and *John A. Hoober,* for appellee.——It is the duty of a traveler approaching a street railway crossing to look and listen and to continue to look until the track is reached: Massinger v. R. R., 300 Pa. 6; Smathers v. St. Ry., 226 Pa. 212; Sklaroff v. P. R. T. Co., 100 Pa. Superior Ct. 237; Kalter v. P. R. T. Co., 95 Pa. Superior Ct. 116 Thornton Fuller Automobile Co. v. P. R. T. Co., 95 Pa. Superior Ct. 286.

The rule that a person losing his life must be presumed to have exercised due care, has no application where the circumstances of the accident show the contrary: Tull v. R. R., 292 Pa. 458; Miller v. R. R., 299 Pa. 63; Haskins v. R. R., 293 Pa. 537; Zotter v. R. R., 280 Pa. 14; Lessig v. Transit & Light Co., 270 Pa. 299.

OPINION BY MR. JUSTICE DREW, June 30, 1932:

The plaintiff's husband, Claude R. Ehrhart, was killed on October 3, 1929, when a Ford coupe he was driving was struck at a grade crossing on a public road by an interurban electric car of the defendant, York Railways Company. This action in trespass was brought by his widow to recover damages for his death. At the close of the case, after the jury had been charged, the trial judge granted defendant's motion for binding instructions, and a verdict was recorded for the defendant. After her motion for a new trial had been overruled, plaintiff appealed, assigning as error the action of the court in directing a verdict for defendant, in refusing

the motion for a new trial, and in entering judgment on the verdict.

Plaintiff's case is based on the evidence of one witness, Otto Everhart, son of the employer of the deceased. His testimony was strongly contradicted by defendant's witnesses. This, however, would not warrant the withdrawal of the case from the jury. A question of fact, even though supported by the testimony of but a single witness, cannot be withdrawn from the jury, no matter how strong the opposing proof may be: Thomas v. Penna. R. R. Co., 275 Pa. 579; Saxman v. McCormick, 278 Pa. 268; Cuteri v. West Penn Rys. Co., 305 Pa. 347. As said by Mr. Justice SHARSWOOD, "Where there is any evidence which alone would justify an inference of the disputed fact, it must go to the jury, no matter how strong or persuasive may be the countervailing proof": Howard Express Co. v. Wile, 64 Pa. 201.

Everhart testified substantially as follows: The accident occurred in the early afternoon of a clear, sunny day. He and Ehrhart, each driving an automobile, had just left his father's farm to deliver some potatoes. He was in the lead, carrying fifteen bushels, and Ehrhart was following him, carrying ten bushels. At the Burger crossing, the scene of the accident, he stopped, looked and listened, and, having seen or heard nothing to indicate the approach of a street car, crossed over. The track was visible for only about 150 feet in the direction from which the street car came, because of a sharp curve. He stopped about 150 feet beyond the crossing to wait for Ehrhart, who did not know where to deliver the goods. Looking back, he saw him stop about ten feet from the nearer rail, look in both directions, and then proceed to cross. Everhart could not see the track from his position, except at the crossing, but he listened for the whistle of an approaching car and heard none. When the front wheels of the automobile had crossed the second rail, but before its rear wheels were on the track, it was struck by defendant's car traveling at a speed of

forty-five miles an hour, and Ehrhart was thrown a distance of 87 feet. The street car came to a stop 255 feet from the crossing. Ehrhart was immediately taken to a hospital, but was so seriously injured that he died shortly after his arrival.

It appears from the opinion of the court below that Ehrhart's automobile was dragged on the side from which it had come until the street car stopped. As the plaintiff has not printed the testimony on this point, we, of course, accept this statement as true: Sauber v. Nouskajian, 286 Pa. 449.

The presumption is that a person killed at a crossing performed the duty of care imposed upon him by law (Zotter v. Lehigh Valley R. R. Co., 280 Pa. 14; Tull v. B. & O. R. R. Co., 292 Pa. 458; Rhodes v. Penna. R. R. Co., 298 Pa. 101), which is to look and listen until he reached the track: Omslaer v. Traction Co., 168 Pa. 519; Flounders v. Southern Penna. Traction Co., 280 Pa. 85; Smith v. Lehigh Valley Transit Co., 296 Pa. 212. Where, as here, it is affirmatively testified that he complied with his duty, the presumption is greatly strengthened: Razzis v. P. & R. Ry. Co., 273 Pa. 550.

The learned trial judge, however, was of opinion that giving to the evidence every implication that can be drawn favorable to the plaintiff, as must be done, in granting a motion for binding instructions, the plaintiff could not recover because the case came within the frequently affirmed rule of Carroll v. Penna. R. R. Co., 12 W. N. C. 348, that "it is vain for a man to say that he looked and listened if, in spite of what his eyes and ears must have told him, he walked in front of a moving locomotive." Accordingly, the jury was directed to return a verdict for defendant. This, we believe, was error. The facts of the instant case do not, in our opinion, warrant the application of that variation from the rule that any substantial evidence takes the case to the jury. It applies only in clear cases, where a person who has entered upon a railway track is struck so instantaneous-

ly as to rebut the presumption that he performed his duty to look and listen, no other inference being honestly possible from the evidence than that he failed to do so: Howard v. B. & O. R. R. Co., 219 Pa. 358; Waltosh v. Penna. R. R. Co., 259 Pa. 372; Milligan v. P. & R. Ry. Co., 261 Pa. 344. The difficulty with the application of this rule in the present case is that the circumstances of the accident do not necessarily show that Ehrhart was struck immediately as he went upon the track. He stopped and looked, and presumably listened, before he attempted the crossing. The front wheels of his automobile had traversed the ten feet between where he stopped and the track, and had crossed the width of the track, a distance in all, of approximately fifteen feet. He could see only 150 feet along the track; nothing that he could have done would have increased this distance. Accepting Everhart's maximum speed of forty-five miles an hour as the speed of defendant's car, it was traveling 66 feet a second, at which rate it would have covered the entire 150 feet within which it could be seen in less than two and one-third seconds. In view of the high speed at which the street car was traveling, it is entirely possible that when Ehrhart started to cross it was around the curve and beyond the range of his sight and hearing. Under these circumstances, we cannot say that Ehrhart was struck so instantaneously as to show that, if he did look and listen, he must have driven upon the track directly in front of the car which he saw and heard. The weight of the automobile, laden as it was with potatoes, was probably in the rear, so that the fact that the automobile was thrown back to the side from which it had come, does not, in our opinion, prove that the accident occurred immediately as it reached the track. It is true that if Everhart's estimate as to the speed of the street car was correct, Ehrhart could have completely crossed the track at a speed of only four miles an hour in the two and one-third seconds the street car covered the distance from the curve to the crossing, but

the margin of safety would have been extremely small. It does not appear at what speed Ehrhart was traveling, and we would not be warranted in saying, on the basis of Everhart's testimony, which was only an estimate, that as a matter of law Ehrhart was guilty of contributory negligence. Under such circumstances, a "precise timing of the relative movements of the [automobile] and [street car] and close calculation of time and space, at best only an approximation, make the margin of safety such a narrow one that a traveler should not be held accountable, as matter of law, for the resulting accident": Mills v. Penna. R. R. Co., 284 Pa. 605.

Furthermore, Ehrhart, having fully complied with his duty to have his machine under such control as to be able to guard against injury from a street car approaching the crossing at a reasonable speed and under proper control, was not bound to anticipate negligent operation of the street car (Knobeloch v. Pittsburgh, Harmony, Butler & New Castle Ry. Co., 266 Pa. 140; Schaeffer v. Reading Transit Co., 302 Pa. 220), but was entitled to rely upon an exercise of due care by defendant: Weschler v. Buffalo & Lake Erie Traction Co., 293 Pa. 472. It was the motorman's duty to have his car under such control as would probably prevent a collision (Kuhns v. Conestoga Traction Co., 290 Pa. 303; Galliano v. East Penn Electric Co., 303 Pa. 498), and, under the circumstances here present, he was required, when he rounded the curve and came in sight of the crossing, to be able to come to a complete stop, if necessary to avoid hitting a vehicle on the highway. There can be no doubt the street car was negligently operated immediately before and at the time of the accident. Such negligence Ehrhart was under no duty to anticipate; his failure to do so cannot defeat this action: Murphy v. Philadelphia Rapid Transit Co., 285 Pa. 399; Weiss v. Pittsburgh Railways Co., 301 Pa. 539.

Inasmuch as plaintiff sustained the burden upon her of making out a case free of contributory negligence as

a matter of law, and produced evidence which, if believed, would be sufficient to support a finding that the accident was caused solely by the negligence of defendant's motorman, the case was properly one for the jury, and the granting of defendant's motion for binding instructions was error.

The judgment is reversed with a venire facias de novo.