[Civ. No. 7590. Second Appellate District, Division One.—May 12, 1933.]

STEPHEN L. BIXBY, Respondent, v. PICKWICK STAGE COMPANY (a Corporation) et al., Defendants; PICKWICK STAGES SYSTEM (a Corporation) et al., Appellants.

B. P. Gibbs, Libby & Sherwin, Harry C. Lucas and M. Tellefson for Appellants.

O'Melveny, Tuller & Myers, Pierce Works and Jackson W. Chance for Respondent.

HENDERSON, J., *pro tem.*—This is an action for damages for personal injuries and property damage arising out of a collision in the daytime between an automobile driven by plaintiff and the stage of the defendant Pickwick Stages System, a corporation, and its driver, C. W. Hensley. The answer, in addition to denying the allegations of the complaint, pleads contributory negligence and unavoidable accident. The cause was tried by the court and resulted in a judgment favorable to plaintiff, from which defendants appeal. They attack the findings that the negligence of the defendants was the proximate cause of the injury and damage; and that plaintiff was free from negligence proximately contributing to his injury.

While the evidence was conflicting, the testimony in support of these particular findings is thus summarized: The stage of the defendant corporation was traveling westerly, and the plaintiff was operating his automobile in an easterly direction on the Long Beach-Santa Ana Highway, when the collision occurred. Shortly prior to the accident plaintiff saw a film of smoke over the highway. Pulling well over to his right side of the road at a speed of about twenty miles an hour, he entered the same and had a range of visibility of about thirty-four feet. After passing through the cloud, which was about sixty-five feet in extent, he observed another strata of smoke about one hundred feet away. It seemed to have the same appearance of density and visibility as the one first traversed. He entered the second smoke screen at a speed decreased to about eighteen miles an hour when "a billowing roll or swirl of very dense smoke" suddenly blew in front of him and completely obstructed his vision. He immediately applied his brakes, the wheels on the right side of his car being off the paved portion on the south side of the highway, and almost simultaneously he was struck by the west-bound stage of defendant, hitherto unseen by him. The stage, after entering the smoke cloud at a speed approximating forty miles an hour, struck a car immediately ahead of it, and then swerved to the left side of the road where the collision took place with plaintiff's car.

In view of the evidence just summarized, its sufficiency to support the finding of negligence on the part of defendants cannot be seriously questioned, nor are we called upon

to review the alleged discrepancies in the testimony of the various witnesses for plaintiff.

The defendants next complain that plaintiff was guilty of contributory negligence as a matter of law, since he could not stop his car within the range of his vision, and that under those circumstances it was incumbent upon him to halt and wait for the smoke to disperse before proceeding farther.

The authorities in California and elsewhere do not seem to support this contention. It is almost uniformly the rule that whether the conduct of a person in driving into smoke, fog, dust or mist offends the doctrine of ordinary care, is ordinarily a question to be determined by the court or jury. (*Marsh* v. *Burnham,* 211 Mich. 675 [179 N. W. 300]; *Upton* v. *Hines,* 197 Iowa, 566, [197 N. W. 453]; *Clinger* v. *Payne,* 271 Pa. 88 [113 Atl. 830]; *Seibert* v. *A. Goldstein Co.,* 99 N. J. L. 200 [122 Atl. 821]; *Devoto* v. *United Auto Transp. Co.,* 128 Wash. 604 [223 Pac. 1050]; *Mitsuda* v. *Isbell,* 71 Cal. App. 221 [234 Pac. 928].) In *Devoto* v. *United Auto Transp. Co., supra,* a case strikingly similar to the one here, the Supreme Court of Washington said in part (p. 1051): "One of the respondents testified to the effect that the fog lay in banks or strips—in places not so dense as to interfere with a reasonable view ahead, but proceeding they came into places where the fog was so dense that the white light of the headlights was mirrored back to the driver, and he could see nothing in advance of his automobile. Under such conditions shall a driver stop in the fog bank until the fog clears? If one does so all must do so, or the danger would be thereby increased, and if all stop how shall any one reach his destination? It seems to us in reason that traffic must be permitted to move on the highway at all times, but that in driving through a fog bank each driver must do so in a careful and prudent manner, with due regard for the safety of others, and what is careful and prudent under the particular conditions shown will usually be a question for the jury."

Similar in effect is the case of *Mitsuda* v. *Isbell, supra,* where plaintiff's car, in following another, failed to observe a wagon left on the highway, owing to the fact that the preceding automobile in swerving to the left raised such a cloud of dust that the wagon was incapable of being seen. Although the plaintiff made no effort to stop his car, the court held (p. 237): "The evidence is such that it was

entirely with the trial court, as the arbiter of the issues of fact, to solve the question whether the plaintiff was or was not guilty of contributory negligence. There is nothing in the evidence which would justify the declaration, as a matter of law, that the plaintiff did not, under the circumstances, approach the point of collision with reasonable or the due amount of care.''

There is nothing in the cases of *Burgesser* v. *Bullock's,* 190 Cal. 673 [214 Pac. 649], *Skaggs* v. *Wiley,* 108 Cal. App. 429 [292 Pac. 132], and *Fisher* v. *Southern Pac. Co.,* 72 Cal. App. 649 [237 Pac. 787], cited by appellant, which would seem to indicate a contrary rule, when considered in relation to the facts of this case.

In view of the testimony hereinbefore reviewed, we are convinced that the trial court was justified in finding that the speed at which the defendants' stage was traversing the smoke covered area, rather than any act or omission of the plaintiff, was the proximate cause of the injury. Measured by the authorities previously considered, the evidence merely presented for the trial court's solution a question of fact, and its finding is, therefore, conclusive on appeal. (*Mitsuda* v. *Isbell, supra.*)

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 9, 1933, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 10, 1933.