### CRANSTON v. BALTIMORE & O. R. CO.
### No. 7125.

Circuit Court of Appeals, Third Circuit.
Jan. 20, 1940.

Harold E. McCamey, of Pittsburgh, Pa., for appellant.

E. V. Buckley, of Pittsburgh, Pa., for appellee.

Before BIDDLE, JONES, and BUFFINGTON, Circuit Judges.

JONES, Circuit Judge.

The appellant obtained a jury's verdict in the court below for damages for personal injuries suffered by him through the alleged negligence of the defendant company in the operation of its railroad. On a question of law reserved, the court entered judgment for the defendant n. o. v. on the ground that the plaintiff was guilty of contributory negligence as a matter of law. From that judgment the plaintiff has appealed.

■ Upon review of the entry of judgment for the defendant n. o. v., we, perforce, take the pertinent facts and all reasonable inferences to be drawn therefrom, most favorable to the plaintiff, disregarding the controverting evidence offered by the defendant. Harris v. Reading Co., 325 Pa. 296, 300, 189 A. 337; Ray v. Lehigh Valley R. Co., 321 Pa. 538, 539, 184 A. 445; Mountain v. American Window Glass Co., 263 Pa. 181, 183, 106 A. 313. So viewing the record in this case, the following material facts appear.

About three o'clock on the morning of December 15, 1936, the plaintiff, a taxicab driver, with two passengers in his cab was proceeding along Fleet Street in the Borough of Rankin, Pennsylvania, intending to cross the defendant company's four track main line railway where Fleet Street traverses the railroad tracks at grade. At the time there was a heavy fog and visibility was limited to seventy-five feet. As the plaintiff approached the railroad crossing, he brought his cab to a stop two or three feet from the first rail, looked up and down the tracks in each direction and listened. The windows on either side of the driver's seat in the cab were down at least two inches from the top. Neither seeing nor hearing a train approaching, the plaintiff put his machine into first gear and started across the tracks at a speed of from two to five miles an hour. While so proceeding and just as he was about to cross the third track, there suddenly appeared on his left what looked like a "large shadow"; and, before he had entirely cleared the far rail of the third track, his cab was struck in the left rear by a locomotive, with a caboose attached, which had been traveling at a speed of from ten to twelve miles an hour. No bell had been rung, nor whistle blown, and the headlight on the locomotive was unlighted. The taxicab was thrown about three-quarters of the way round and against an iron pole standing within sixteen inches of the near rail of the fourth track. The plaintiff thus suffered the personal injuries for which he brought suit to recover damages from the railroad company.

■ No question was raised in the court below, nor here, as to the sufficiency of the evidence to support a finding of negligence on the part of the defendant, and the sole question with which we are concerned is whether the plaintiff was guilty of contributory negligence as a matter of law. The rights of the parties are to be determined by the local law of Pennsylvania where the cause of action arose. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

In entering judgment for the defendant n. o. v., the court below deemed the facts in the case to call for an application of the so-called uncontroverted physical facts rule of Pennsylvania. The rule which is of long standing (Carroll v. Pennsylvania R. Co., 12 Wkly. Notes Cas., Pa., 348), imputes negligence, as a matter of law, to one injured at a railroad grade crossing under circumstances where "It is in vain for a man to say that he looked and listened, if, in despite of what his eyes and ears must have told him, he walked directly in front of a moving locomotive" and was immediately struck. We think, however, that the learned court erred in applying the rule of the Carroll case, supra, to the facts in this case and that, under all the circumstances, the question of the plaintiff's contributory negligence was a matter for the jury.

Application of the rule to which we have referred has been restricted in Pennsylvania to cases where it is clear that what the presumption serves to establish as a matter of law must, in truth, have been the indisputable fact. Specifically, it has been applied where the injury occurred so instantaneously upon the traveler's entry on the crossing as to make it conclusively evident that he had failed to use reasonable care. Such are the cases relied upon by the appellee railroad: Ray v. Lehigh Valley R. Co., 321 Pa. 538, 184 A. 445; Matesky v. Lehigh Valley R. Co., 312 Pa. 233, 167 A. 306; Rhodes v. P. R. R. Co., 298 Pa. 101, 147 A. 854; Tull v. B. & O. R. Co., 292 Pa. 458, 141 A. 263; and Paul v. Philadelphia & Reading R. Co., 231 Pa. 338, 80 A. 365, Ann.Cas.1912B, 1132. The decision in Petruskewicz v. Reading Co., 318 Pa. 585, 179 A. 428, where the injury occurred beyond

the first track of the crossing, was not an extension of the rule in the Carroll case. The ruling of the Carroll case was not even referred to. In a per curiam affirmance of the trial court's refusal to take off a compulsory nonsuit, the Supreme Court held, under the circumstances of that case (the train, consisting of an engine and three coaches, was traveling "in open, quiet" country), that "it cannot be assumed he did listen". The effect of this ruling was to defeat the presumption, as to an exercise of due care, to which the decedent would otherwise have been entitled and to deprive his representative of proof requisite in order to go to the jury. The case does not decide that the decedent would have been guilty of contributory negligence, as a matter of law, had proof been directly supplied that the decedent had listened. Moreover, in the Petruskewicz case, the train was running on a regular schedule with which the decedent was familiar,—a fact of material importance to the court as supporting legal rebuttal of the presumption that the decedent had exercised due care.

On the other hand, where one about to cross a railroad at grade, stops, looks and listens, and, neither seeing nor hearing a train approaching, enters upon the crossing in safety, but, before completing the crossing, is struck, the collision, in such circumstances, fails to supply the immediacy which is necessary for an application of the rule in the Carroll case, supra; and the question of the injured person's contributory negligence is for the jury. Such, in effect, has been the ruling of the Supreme Court of Pennsylvania in a number of cases: Harris v. Reading Co., 325 Pa. 296, 189 A. 337; Mills v. Pennsylvania R. Co., 284 Pa. 605, 131 A. 494; Waltosh v. Pennsylvania R. Co., 259 Pa. 372, 103 A. 55; and Howard v. B. & O. R. Co., 219 Pa. 358, 68 A. 848. In each of these cases, the Supreme Court expressly refused to apply the rule in the Carroll case, holding that the rule was applicable only to cases where the accident occurs immediately upon the traveler's entering on the crossing, and there is evidence that, before he entered upon the crossing, he had stopped, looked and listened and, neither seeing nor hearing a train approaching, proceeded to cross. Thus, in Harris v. Reading Co., supra, the court said [325 Pa. 296, 189 A. 339]: "Our decisions have often held that such rule governs clear cases only, where a person who has entered upon a railway track is struck so instantaneously that the presump-

tion he used due care is rebutted as a matter of law". Likewise, in Mills v. P. R. Co., supra, the court said [284 Pa. 605, 131 A. 495]: "The difficulty with the application of this rule [Carroll case] in the present case is that the circumstances of the accident do not necessarily show that the truck was driven directly in front of a train, apparently in plain view. The case is not one where a person is struck immediately upon entering a railroad". The rulings in the Waltosh and Howard cases, supra, were to like effect. See also Welsh v. P. R. Co., 313 Pa. 87, 169 A. 95, and Thomas v. Pennsylvania R. Co., 275 Pa. 579, 119 A. 717, where, in each instance, the accident occurred beyond the first track of the crossing.

Coming to the record in the present case, it is apparent that the circumstances were not present to justify an application of the rule in the Carroll case. Not only did the accident not occur immediately upon the plaintiff's entering on the crossing, but, on the contrary, he had passed over the first and second tracks in safety and had almost cleared the last rail of the third track when his cab was struck in the rear by the defendant's locomotive. Before entering upon the crossing, he had stopped to look and listen, for the approach of a train, at a place which the court could not say as a matter of law was not proper for the purpose. Knepp v. B. & O. R. Co., 262 Pa. 421, 424, 105 A. 636. Neither seeing nor hearing a train approaching, he proceeded to cross, and the first warning he had of any danger was the "large shadow" which appeared on his left just as he was about to cross the third track. There was no warning from the locomotive, either by bell or whistle, and its headlight was unlighted. In the night and fog, should the plaintiff have known that the large shadow was an oncoming locomotive; and, if so, should he have seen or, by hearing, have been able to identify the precise track on which the unlighted locomotive, without intentional warning, was proceeding? These and related questions were for the jury to decide in determining whether or not the plaintiff was guilty of a want of care under the circumstances. The peril of his situation arose after he was committed to the crossing; and, in such circumstances, he cannot be charged with negligence as a matter of law. Knepp v. B. & O. R. Co., supra. "His acts with regard to negligence must be judged from the circumstances as they then appeared. In his position one is

not required to exercise the highest or even an ordinary degree of judgment; it is a judgment arising from peril or care under the circumstances": Weiss v. Pittsburgh Railways Co., 301 Pa. 539, 543, 152 A. 674, 675; see also Welsh v. P. R. Co. and Thomas v. P. R. R. Co., supra. Of course, the plaintiff was bound to proceed with care after entering upon the crossing: Welsh v. P. R. Co., supra; Thomas v. P. R. Co., supra. It was his duty both to look and to listen "constantly and carefully" while crossing. Kolich v. Monongahela Rwy. Co., 303 Pa. 463, 154 A. 705; Rhodes v. P. R. R. Co., supra; Paul v. Philadelphia & Reading R. Co., supra. But, having once stopped, he was not bound, as a matter of law, to stop again on or between the tracks to look and listen. Murtagh v. Director General, 271 Pa. 290, 292, 112 A. 436. Nonetheless, there is evidence that he continued to look and listen as he proceeded. Whether or not he properly discharged his duty in such regard was for the jury to say under all of the circumstances of the case.

The appellee argues that it is a matter of judicial notice "that locomotives do not proceed silently" (Ray v. Lehigh Valley R. Co., supra) and that, as the plaintiff was under a constant duty to listen carefully while proceeding over the crossing (Kolich v. Monongahela Rwy., supra), he was guilty of contributory negligence as a matter of law in failing either to hear the approaching engine or to heed the warning of its noise. This argument disregards the plaintiff's position of peril wherein he found himself after the exercise of proper caution upon entering the crossing and where contributory negligence could no longer be visited on him as a matter of law. Knepp v. B. & O. R. Co., supra. The appellee would, also, construe the statement that "locomotives do not proceed silently" to mean that locomotives proceed at all times so noisily as to constitute a legally sufficient warning of their approach. The Supreme Court of Pennsylvania has never so declared; and, in cases like the present, any such declaration would do violence to the probable fact. The locomotive, with ca-

boose, was "running light", that is, without a train of cars, at a speed of from ten to twelve miles an hour on a roadbed which appears from the exhibit appended to the appellee's paperbook to be on a level grade. It is quite possible that the locomotive was under little effort to maintain its relatively slow momentum. In any event, what noise it was making and whether the plaintiff should have been warned thereby, were matters for the jury.

The appellee also urges that because of the plaintiff's duty to listen "constantly and carefully" he was guilty of negligence as a matter of law in not lowering the windows of his cab more than the two inches they were down on either side but cites no Pennsylvania case laying down specific requirements as to how far a window should be opened or whether a door should be opened or the motor shut off by one in an automobile about to cross a railroad at grade. Whether or not the plaintiff availed himself of proper opportunity to listen carefully was for the jury to say.

While the jury might well have found, under all of the evidence in this case, that the plaintiff was guilty of contributory negligence or, even further, that the defendant was entirely free from negligence, such matters were for the jury and not the court. The evidence, permissible for the court's consideration in connection with the defendant's motion for judgment n. o. v., fails to show negligence on the part of the plaintiff so clearly that no other inference can properly be drawn from it. In such circumstances, the court cannot draw the inference of negligence as a matter of law but must send the case to the jury. Welsh v. P. R. Co., supra; Thomas v. P. R. Co., supra; Clinger v. Director General, 271 Pa. 88, 113 A. 830; Bush v. Philadelphia & Reading R. Co., 232 Pa. 327, 81 A. 409; Ely v. P. C. C. & St. L. Ry., 158 Pa. 233, 27 A. 970.

The judgment for the defendant is reversed and the case is remanded to the District Court for further proceedings not inconsistent with this opinion.